RAILWAY EXPRESS AGENCY, INC., Plaintiff-Appellant, v. YOUNGSTOWN PLANT AND FLOWER COMPANY, Defendant-Appellee.

Common Pleas Court, Mahoning County.

No. 160949.

For further history see
*Omnibus Index* in bound volume.

BATTISTI, J. This is an appeal upon questions of law from a judgment of the Municipal Court in favor of the Defendant-Appellee.

The Plaintiff-Appellant is a common carrier in interstate commerce which sought to recover undercharges made upon 54 shipments of cut flowers. The Plaintiff-Appellant, by mistake, quoted a rate less than that set forth in the schedule of rates which was established, filed and published pursuant to the provisions of 49 U. S. C. A., Section 1(4) an 6(1), et seq. The amount undercharged was $260.29.

The Defendant is a shipper which took the goods on consignment. The consignor was out of business at the time of the commencement of this action, and the Defendant cannot now recover back the amount of the undercharges if they are required to be paid to the carrier.

The Defendant claims no actual knowledge of the established, filed and published rate; innocence of any wrongdoing; and, therefore, an invasion of "private rights" if payment of the undercharges to the carrier is required.

Pursuant to its power to regulate interstate commerce, Congress has provided that carriers by railroad shall establish "* * * reasonable rates, fares, charges and classifications applicable thereto * * *." 49 U. S. C. A., Section 1(4).

Schedules showing the established rates between different points must be filed with the Commission, and published "* * * in such form that they shall be accessible to the public and can be conveniently inspected." 49 U. S. C. A., Section 6(1). Changes of the established, filed and published rates are not permitted under the Act unless 30 days' notice has been given to the Commissioner and to the public. 49 U. S. C. A., 6(3). The schedules required by the Act must be published and filed in the form and manner prescribed by the regulations of the Commission. 49 U. S. C. A., Section 6, Para. (6). The carrier may not "* * * charge or demand or collect or receive a greater or less or different compensation for * * * any service * * * between the points named * * * than the rates * * * filed and in

effect at the time; nor shall any carrier refund or remit in any manner by any device any portion of the rates, fares and charges so specified * * *." 49 U. S. C. A., Section 6, Para. (7).

The purpose of the Act is to avoid discrimination by providing "" * * * one rate for all shipments of like character * * *." See, *Pittsburgh, C. C. and St. Louis Railway Co.* v. *Fink,* 250 U. S., 577. The shipper is presumed to have notice of any rate between two points when that rate is duly established and filed with the Commission and published in accordance with its regulations. *New York Central Railroad Co.* v. *Peak,* 6 Ohio App., 399. If the policy or the purpose of the Act is to be preserved, that presumption must be conclusive when the rate is duly established, filed and published. The only conduct of the carrier which can relieve the shipper from liability for undercharges is that which allows the statute of limitations to expire. See *Louisville and N. R. Co.* v. *Central Iron and Coal,* 265 U. S., 59.

Counsel for the shipper urges consideration of *Davis* v. *Akron Feed and Milling Co.,* 296 Fed. Rep., 675. In that case the goods were shipped from Kansas to Chicago, and then re-consigned to the Defendant and re-shipped to Akron, Ohio. The carrier represented, by mistake, that the freight charges were paid to Chicago, and that only the amount for shipment from Chicago to Akron was due. The Defendant in good faith paid the amount requested. The mistake, on the part of the carrier in that case, was of such nature that the Defendant-Shipper could not be presumed to know the amount due for transportation, because the actual distance could not have been determined by looking to the established, filed and published schedule of rates.

In the instant case, it is clear that the amount charged was less than that set forth in the duly established, filed and published schedule of rates. The Defendant could have known the correct rate by looking to the schedule. The Defendant, therefore, is presumed to know the rate; and that presumption is conclusive.

There is no claim that the statute of limitations expired prior to the commencement of this action.

Accordingly, the judgment of the Municipal Court is re-

versed, and it is hereby ordered that Plaintiff recover from the Defendant $260.29, the amount of the undercharges, together with the costs of this action. Exceptions to the Defendant.

Counsel are instructed to prepare a journal entry incorporating the Court's findings and order.